UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BARRY BERMAN,

                Plaintiff,

    -against-                                  9:13-CV-0136 (LEK/RFT)

CHARLES DURKIN, Sergeant; DONALD
MITCHELL; J. DEVEREAUX; JOHN DOES
#1-3, Correctional Officers; JOHN DOES #4-5,
Sergeants; LONGERMAN, Inspector General;
THOMAS LAVALLEY, Superintendent,
Clinton Correctional Facility; C. LOZIER,
Deputy Superintendent of Administration,
Mid-State Correctional Facility; DR. V
MANNAVA; DR. S. RAMINENI, Mid-State
Correctional Facility; DR. KOENINGSMANN,
Chief Medical Officer, NYSDOCCS,

                Defendants.

## DECISION AND ORDER

This matter comes before the Court following a Report-Recommendation filed on March 3, 2015, by the Honorable Randolph F. Treece, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 112 ("Report-Recommendation"). *Pro se* Plaintiff Barry Berman ("Plaintiff") timely filed Objections. Dkt. No. 117 ("Objections").[1]

Within fourteen days after a party has been served with a copy of a magistrate judge's report-

---

[1] In a Text Order dated March 13, 2015, the Court granted Plaintiff an extension until March 27, 2015 to file Objections to the Report-Recommendation. Dkt. No. 116. On March 23, 2015, Plaintiff filed a Letter Request asking for additional time to file Objections. Dkt. No. 117. In a Text Order dated March 24, 2015, the Court denied this request and ordered that if Plaintiff did not file objections to the Report-Recommendation by March 27, 2015, the Court would construe the arguments in his Letter Request as Objections. Dkt. No. 118. Plaintiff did not file subsequent objections. Consequently, the Court construes the arguments in Plaintiff's Letter Request, Dkt. No. 117, as timely filed Objections for the purposes of this Decision and Order.

recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

Plaintiff first argues that Judge Treece erred in dismissing four supervisory Defendants for lack of personal involvement in Plaintiff's Eighth Amendment claims. Specifically, Plaintiff argues that: (1) Defendants C. Lozier ("Lozier") and Dr. Koeningsmann ("Koeningsmann") were aware of the alleged Eighth Amendment violations because Plaintiff had written to and received responses from both Lozier and Koeningsmann regarding these violations; and (2) Plaintiff spoke with Lozier weekly about these issues and followed up with letters regarding the "conversations and the promises that never materialized." Objs. at 4-5. However, this correspondence was not alleged in any of Plaintiff's complaints. See generally Dkt. Nos. 1; 15 ("Amended Complaint"); 92-1. Indeed, Plaintiff's allegations of personal involvement by these Defendants in all three iterations of the Complaint are wholly conclusory. Furthermore, though Plaintiff makes additional arguments in his

2

Objections regarding the personal involvement of other supervisory Defendants, the Court has reviewed these Objections and finds them either conclusory, or mere reiterations of the arguments made in the Amended Complaint. See Objs. at 5-6, 8-9. The Court therefore finds that Judge Treece properly concluded that these supervisory Defendants lacked sufficient personal involvement to be held liable under § 1983.

Next, Plaintiff argues that Judge Treece erred in dismissing Plaintiff's claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 *et seq*., and § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794 *et seq*. "The Second Circuit instructs that the purpose of [the ADA] is 'to eliminate discrimination on the basis of disability and to ensure evenhanded treatment between the disabled and the able-bodied.'" Jackson v. DeMarco, No. 10-CV-5477, 2011 WL 1099487, at *2 (E.D.N.Y. Mar. 21, 2011) (quoting Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir. 1998)). Therefore, to state a claim, a plaintiff must allege "that his or her mistreatment was motivated by either discriminatory animus or ill will due to disability." Id. (internal citation and quotation omitted); see also Rothschild v. Grottenthaler, 907 F.2d 286, 289-90 (2d Cir. 1990) (stating similar test under the Rehabilitation Act).

Judge Treece found that Plaintiff had alleged that he was disabled, and that he had been excluded from certain programs or services, as required by both Acts, but that Plaintiff had failed to allege any facts demonstrating that he had been excluded from or denied services *due to* his disability. See Report-Rec. at 21-23. Plaintiff objects to this finding on the grounds that: (1) the first alleged assault occurred because Plaintiff told the offending guards about his mental disability, Objs. at 11; and (2) Plaintiff specifically alleged that he was denied medical care due to his mental disability, id. at 12.

3

With respect to Plaintiff's first argument, Plaintiff's Amended Complaint alleges the following facts: (1) a pencil in Plaintiff's pocket accidentally pricked a guard, Am. Compl. ¶ 18; (2) when the guard came to Plaintiff's cell, Plaintiff apologized and told the guard he suffered from Attention Deficit Disorder, see id. ¶ 19; (3) "[a]pproximately 10 minutes later," the guard and other officers physically assaulted Plaintiff, id. ¶¶ 20-25; and (4) one of the guards told Plaintiff that he was "lucky he was not in [the hospital] because he stabbed an officer," id. ¶ 25. Plaintiff argues that the timing of this attack suggests that the guards assaulted Plaintiff due to his mental disability. Objs. at 11. However, the only fact to suggest that this alleged assault occurred because of Plaintiff's disability is that Plaintiff told the guards he suffered from Attention Deficit Disorder. Yet, according to Plaintiff's own allegations, a guard involved specifically told him that the assault was retaliation for pricking another guard with a pencil. See id. The Court therefore finds that Plaintiff has not alleged sufficient facts to demonstrate that he was subject to assault due to his disability.

Plaintiff further argues that he was denied adequate medical care due to his mental disability when Dr. Ramineni refused to treat Plaintiff's ailments, stating that they were "in his head." Objs. at 12; see also Am. Compl. ¶ 123. The Court finds this insufficient to allege that Plaintiff was denied medical care due to a mental disability. Though Judge Treece found that Plaintiff had stated a claim of medical indifference, "[The ADA is] not . . . violated by a prison's simply failing to attend to the medical needs of its disabled prisoners." Elbert v. N.Y. State Dep't of Corr. Servs., 751 F. Supp. 2d 590, 596 (S.D.N.Y. 2010) (quotation omitted) (alteration in orignal). The Court therefore finds that Judge Treece did not err in finding that Plaintiff had not sufficiently stated a claim under the ADA or Rehabilitation Act.

4

Plaintiff's remaining Objections are either conclusory, irrelevant, or reiterations of arguments made in the pleadings. See generally Objs. Accordingly, the Court has reviewed the remainder of the Report-Recommendation for clear error and has found none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 112) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' partial Motion (Dkt. No. 86) for judgment on the pleadings is **GRANTED in part** as to: (1) Plaintiff's claims under the Americans with Disabilities Act and Rehabilitation Act; (2) Plaintiff's claims against Defendants in their official capacities; and (3) Plaintiff's claims against Defendants C. Lozier, Dr. Koeningsmann, Thomas LaValley, and Longerman; and it is further

**ORDERED**, that Defendants' partial Motion (Dkt. No. 86) for judgment on the pleadings is **DENIED in part** as to Plaintiff's Eighth Amendment claims for deliberate indifference to his serious medical needs; and it is further

**ORDERED**, that Plaintiff's ADA and Rehabilitation claims are **DISMISSED with prejudice**; and it is further

**ORDERED**, that Defendants C. Lozier, Dr. Koeningsmann, Thomas LaValley, and Longerman are **DISMISSED** as Defendants in this case; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 92) to amend is **GRANTED in part** to the extent Plaintiff seeks to identify G. King as John Doe #4 and add additional facts in support of the Eighth Amendment medical indifference claim, and **DENIED** in all other respects; and it is further

**ORDERED**, that the Clerk substitute G. King as John Doe #4; and it is further

**ORDERED**, that Plaintiff submit a proposed Amended Complaint consistent with the Report-Recommendation; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED: March 31, 2015
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge